FILED

2021 Nov-22  AM 08:34
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

|  |  |  |
|---|---|---|
| **ELNA MATTHEWS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  5:19-cv-02029-LCB** |
| | ) | |
| **JACKSON          COUNTY** | ) | |
| **HEALTHCARE AUTHORITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This employment discrimination case is before the Court on Defendant's Motion for Summary Judgment. (Doc. 16). Plaintiff Elna Matthews claims she suffered gender- and age-based discrimination in violation of Title VII, the Age Discrimination in Employment Act, and the Alabama Age Discrimination in Employment Act while employed by Defendant Jackson County Healthcare Authority. (Doc. 1). Defendant's Motion has been fully briefed and is ripe for review. For the reasons that follow, the Court **GRANTS** Defendant's Motion for Summary Judgment.

1

## I.     Summary of the Facts

The Jackson County Healthcare Authority is a public healthcare authority authorized to operate a public hospital in Jackson County, Alabama.[1] Plaintiff Elna Matthews is a female who was 66 years old at the relevant hiring time.[2] Matthews worked for JCHCA for two separate periods. First, she was employed as a practice manager from 2003 to 2005. She was re-employed in 2011 and remained at JCHCA until March of 2019.[3] During the first few years of her second stint at JCHCA, Matthews worked in a couple different JCHCA practice areas. In August of 2016, JCHCA transferred Matthews to Dr. Paul Avenel's practice to become his Office Assistant.[4]

Separate from Dr. Avenel's practice, JCHCA operated a practice for Dr. Lawrence J. Herberholz.[5] JCHCA contends that they chose to merge Dr. Avenel's and Dr. Herberholz's practices to reduce overhead and secure economic savings.[6] When the practices merged, Dr. Herberholz had a larger practice. Accordingly, JCHCA contends they chose to merge Dr. Avenel's practice into Dr. Herberholz's.[7]

---

[1] (Doc. 17 at 1-2).
[2] (Doc. 1 at 2; Doc. 17 at 2).
[3] (Doc. 17 at 2).
[4] *Id.* at 3
[5] *Id.*
[6] *Id.* at 4.
[7] *Id.*

Because Dr. Herberholz had an Office Assistant, JCHCA alleges that there was no position for Matthews in the new combined practice.[8]

According to JCHCA, its CEO, Dr. Lonnie Albin, decided to eliminate Matthews's position along with the merger. Dr. Albin was 59 years old at the time of the decision, and Ramona Collins, the Office Assistant that remained with the merged practice, was 53 years old at the time of the merger.[9] On March 1, 2019, Matthews met with JCHCA representatives who informed Matthews that her position was being eliminated.[10] The representatives offered Matthews a position with the Highlands Foundation, operated by JCHCA.[11] Five days later, Matthews informed JCHCA that she would not accept the Foundation position and requested an exit before the merger was complete.[12]

Before her termination, Matthews had a conversation with JCHCA's Board Chair, Bob Matthews, about potentially becoming the Authority's Corporate Compliance Officer.[13] JCHCA contends that the position was eliminated entirely through a larger reduction in force in 2017, and that JCHCA's Chief Financial Officer had assumed all the Corporate Compliance Officer duties.[14] Matthews argues that she was being considered by JCHCA for the Corporate Compliance Officer

---

[8] *Id.*
[9] *Id.* at 5.
[10] *Id.* at 6.
[11] *Id.*
[12] *Id.*
[13] *Id.* at 7.
[14] *Id.*

position.[15] Further, JCHCA contends that several positions within the merged practice became available after the merger and Matthews's termination.[16] But, according to JCHCA, Matthews failed to apply for any open position, so she was not considered by JCHCA.[17] Matthews argues that JCHCA had an informal policy of reaching out to candidates directly to fill open positions, so a formal application was not necessary for consideration for the subsequent open positions.[18]

## II.     Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party has met its burden, Rule 56(c) requires the non-moving party to go beyond the pleadings and—by pointing to affidavits, or depositions, answers to

---

[15] (Doc. 22 at 4-5).
[16] (Doc. 17 at 7-8).
[17] *Id.* at 8.
[18] (Doc. 22 at 5).

interrogatories, and/or admissions on file—designate specific facts showing that there is a genuine issue for trial. *Id.* at 324.

The substantive law identifies which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1314 (11th Cir. 2007); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

When faced with a "properly supported motion for summary judgment, [the non-moving party] must come forward with specific factual evidence, presenting more than mere allegation." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). As *Anderson* teaches, under Rule 56(c), a plaintiff may not simply rest on his allegations made in the complaint; instead, as the party bearing the burden of proof at trial, he must come forward with at least some evidence to support each element essential to his case at trial. *See Anderson*, 477 U.S. at 252. "[A] party opposing a properly supported motion for summary judgment 'may not rest upon the

mere allegations or denials of [her] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 248 (citations omitted).

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." *Sawyer v. Sw. Airlines Co.*, 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (citing *Anderson*, 477 U.S. at 250-51).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Sawyer*, 243 F. Supp. 2d at 1262 (quoting *Anderson*, 477 U.S. at 251-52); *see also LaRoche v. Denny's, Inc.*, 62 F. Supp. 2d 1366, 1371 (S.D. Fla. 1999) ("The law is clear . . . that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

## III.   Discussion

In any age- or gender-based employment discrimination claim, the plaintiff "bears the ultimate burden of proving discriminatory treatment by a preponderance

of the evidence." *Crawford v. Carroll*, 529 F.3d 961, 975 (11th Cir. 2008) (internal quotation marks omitted). To do so, the plaintiff must present either "direct evidence of an intent to discriminate or circumstantial evidence using *McDonnel Douglas*'s burden-shifting framework." *Id.* at 975. As explained by the *Crawford* court:

> Under [the McDonnell Douglas] framework, if the plaintiff establishes a prima facie case, the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for the adverse employment action. If the employer does this, the burden shifts back to the plaintiff to show that the employer's stated reason was a pretext for discrimination. The inquiry into pretext requires the court to determine, in view of all the evidence, "whether the plaintiff has cast sufficient doubt on the defendant's proffered nondiscriminatory reasons to permit a reasonable factfinder to conclude that the employer's proffered legitimate reasons were not what actually motivated its conduct."

*Id.* at 975-976 (citations omitted) (alteration supplied). Matthews concedes that the present record contains no direct evidence of age- or gender-based animus by JCHCA. Thus, Matthews proceeds under the *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973), framework.

## A.    Age-Based Discrimination

The parties agree the Court should evaluate Matthews's age-based claim under the Eleventh Circuit's modified reduction-in-force *McDonnell Douglas* framework.[19] Under the modified framework, a plaintiff establishes a *prima facie* case by showing: (1) she was a member of a protected group and was adversely

---

[19] Similarly, the parties do not dispute that the Court should evaluate Matthews's claim under the Alabama Age Discrimination in Employment Act under the same *McDonnell Douglas* framework. Accordingly, the Court's analysis under the framework applies to both claims.

affected by an employment decision; (2) she was qualified for the position or another position when she was laid off; and (3) there exists evidence of an intent to discriminate. *Lawver v. Hillcrest Hospice, Inc.*, 300 Fed. Appx. 768, 772-73 (11th Cir. 2008). JCHCA concedes that Matthews has satisfied the modified framework's first and second prongs. (Doc. 17 at 12).

A plaintiff must establish intent to discriminate by showing: (1) the defendant consciously refused to consider retaining plaintiff because of her protected trait, or (2) the defendant regarded her protected trait as a negative factor in those circumstances. *Allison v. Western Union Tel. Co.*, 680 F.2d 1318, 1321 (11th Cir. 1982). Because, as explained below, Matthews fails to establish the modified framework's third prong, JCHCA is entitled to summary judgment.

JCHCA advances one simple but persuasive argument about why Matthews has failed to establish a *prima facie* case of age-based discrimination: Matthews has produced no evidence showing discriminatory intent. JCHCA contends that the record shows only that JCHCA decided to combine the two practices, and that JCHCA determined that Matthews's position was redundant. (Doc. 17 at 13-14). Additionally, JCHCA points to evidence that Dr. Albin, the decisionmaker, was 59 years old and protected by the ADEA. *Id.* at 14. Further, JCHCA argues that because JCHCA offered Matthews a new position it did not refuse to retain Matthews because of her age. *Id.* at 14-15.

Matthews responds with three arguments. First, Matthews alleges that JCHCA terminated her through an entirely subjective decision process. In support, Matthews directs the Court to evidence that Dr. Albin did not perform employee evaluations when deciding who to terminate. (Doc. 22 at 22-24). Matthews additionally points out that Matthews was 73 years old while Collins was 53 years old, and that Matthews had a higher payrate than Collins. *Id.* at 24. This argument falls short. Importantly, Matthews does not argue against the merger's merits. Rather, Matthews contends that deciding to terminate her instead of Collins was discriminatory. But, in support of that contention, Matthews produces no evidence that Dr. Albin considered her age in any way.

Even if the decision-making process was entirely subjective, that fact alone is insufficient to show intent to discriminate. Matthews cites one Fifth Circuit case for the proposition that a subjective process itself is evidence of discriminatory intent. But the case does not support that proposition. In fact, the court held that using subjective criteria is "at least as consistent with discriminatory intent as it is with nondiscriminatory intent". *Patrick v. Ridge*, 394 F.3d 311, 317 (5th Cir. 2004). That is, using subjective criteria is not dispositive and is not alone evidence of discriminatory intent. Ultimately, Matthews must show either that JCHCA consciously refused to consider retaining her because of her age, or JCHCA regarded her age as a negative factor. *Allison*, 680 F.2d at 1321. At best, Matthews has

produced evidence that what JCHCA considered is unknown. Therefore, because Matthews has not met her burden to show discriminatory intent, she has failed to properly prove a *prima facie* case.

Second, Matthews argues that JCHCA's failure to place her in the Corporate Compliance Officer position is evidence of age-based animus. In addition, Matthews contends that JCHCA's offer of part-time employment with the Foundation was "a slap in the face" and evidence that JCHCA did not want to employ Matthews because of her age. (Doc. 22 at 26). These arguments fail for two reasons. First, and most obviously, evidence that an employer has offered an employee a position is not evidence that the employer does not want to hire the employee. How the Foundation position offer amounts to evidence that JCHCA did not want to hire Matthews is, at best, unclear. Second, regarding the Corporate Compliance Officer position, Matthews does not dispute that the position was never vacant, nor did JCHCA ever fill the position with another candidate. *Id.* Ultimately, at best, Matthews produced evidence that board members considered her for a position that was not vacant and that JCHCA never filled with another candidate. That is insufficient to show that JCHCA terminated her employment with discriminatory intent.

Third, Matthews contends with regularity that JCHCA terminated her with discriminatory intent but cites no evidence in support. These blanket statements of discrimination are insufficient to prove her *prima facie* case. This Circuit has

consistently held that "[c]onclusory allegations of discrimination, without more, are not sufficient to raise an inference of . . . intentional discrimination where [an employer] has offered . . . extensive evidence of legitimate, non-discriminatory reasons for its actions." *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996) (citation and quotation marks omitted). Simply, to avoid summary judgment, a plaintiff must produce evidence. Merely "asserting" and "contending" that a claim's ultimate fact is true is plainly insufficient to create a genuine issue of material fact.

Because Matthews has produced no evidence that shows either that JCHCA consciously refused to consider retaining her because of her age, or JCHCA regarded her age as a negative factor, Matthews has failed to show discriminatory intent, and thus has failed to establish a *prima facie* case of age-based discrimination. Therefore, JCHCA is entitled to summary judgment.

### B.    Gender-Based Discrimination

The parties agree the Court should evaluate Matthews's gender-based discrimination claim under the *McDonnell Douglas* framework. (Doc. 17 at 21-22; Doc. 22 at 30-31). To successfully establish her *prima facie* case, Matthews must show: (1) she was a member of a protected class; (2) she was subject to an adverse employment action; (3) she was treated worse than similarly situated individuals outside of her protected class; and (4) she was qualified for the position. *Maynard v.*

*Bd. of Regents of the Div. of Univs. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003). JCHCA concedes that the only prong at issue is whether JCHCA treated Matthews less favorably than similarly situated individuals who were not female. (Doc. 17 at 22).

JCHCA argues that Matthews cannot establish her *prima facie* case because there are no comparators. Specifically, JCHCA points to evidence showing that every employee—in both practices—before and after the merger was female, and that the merger did not result in JCHCA treating Matthews less favorably than a male employee because no male employee existed. (Doc. 17 at 22). Frankly, Matthews fails to rebut this argument in her brief. In one paragraph at the end of her argument section, Matthews argues JCHCA did not offer her the Corporate Compliance Officer position and that Bob Matthews insinuated it was because she is female. (Doc. 22 at 31).

In the Eleventh Circuit, "a meaningful comparator analysis must be conducted at the *prima facie* stage of *McDonnell Douglas*'s burden-shifting framework, and should not be move[d] to the pretext stage." *Lewis v. City of Union City*, 918 F.3d 1213, 1218 (11th Cir. 2019). Despite its necessity to her case, Matthews does not identify a single comparator nor engage in the comparator analysis in any way. (Doc. 22 at 31). This alone is enough for the Court to find that Matthews has not established a *prima facie* case of gender-based discrimination. How the Corporate Compliance

Officer position relates to Matthews's claim that JCHCA terminated her because of her gender is, at best, unclear. Regardless, the evidence cited by Matthews in no way shows that JCHCA terminated her because of her gender.

Because Matthews has failed to identify a comparator or engage in the necessary comparator analysis, she has failed to establish a *prima facie* case of gender-based discrimination. Therefore, JCHCA is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment (Doc. 16) is **GRANTED**. Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**. A separate order will be entered contemporaneously with this memorandum opinion.

**DONE** and **ORDERED** this November 22, 2021.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE